Douville vs. Merrick.

---

### Douville vs. Merrick.

CAUSE OF ACTION. PRACTICE. *Recovery of money deposited for illegal purposes: Judgment after demurrer overruled — Notice of application therefor.*

1. Where money was deposited by a husband with an attorney, upon an agreement that the latter should commence an action for a divorce on behalf of the wife (who consented to the arrangement), and that after divorce procured the money should be paid to her as alimony, but the divorce suit was not in fact brought: *Held*, that the husband could recover the amount from the attorney.

2. In such an action, on overruling a general demurrer to the complaint, the court (unless, on defendant's motion, it grants him leave to answer) should direct that plaintiff have judgment.

3. But the judgment cannot be perfected for specific damages, except upon application on eight days' notice to the defendant, under subd..2, sec. 27, ch. 132, R. S. If entered without such notice (which notice should be shown by the judgment roll), it will be reversed on appeal.

APPEAL from the Circuit Court for *Milwaukee County.*

The complaint alleges that plaintiff deposited $500 with defendant (an attorney-at-law), upon an agreement that the latter should immediately commence an action of divorce against plaintiff in behalf of his wife (who was present when such agreement was made); that defendant undertook to procure such divorce within thirty days, and agreed to hold said money until the decree should be procured, and then deliver it to the wife as alimony ; and that defendant has refused to commence such divorce suit, though the thirty days have elapsed, and has wrongfully converted the money to his own use. Judgment is therefore demanded against him for the $500, with costs, etc.

A demurrer to the complaint, as not stating a cause of action, having been overruled, plaintiff took judgment for the amount demanded, without any notice to the defendant. From this judgment defendant appealed.

Douville vs. Merrick.

*Thomas Hoover*, for appellant, contended, that the plaintiff had no cause of action (*Ætna Ins. Co. v. Hardy*, 11 Wis. 394); that the judgment should have been *respondeat ouster* (*Jones v. The State*, 5 Blackf. 492 ; *Trimble v. The State*, 4 id. 42 ; *Heyfron v. Miss. Union Bank*, 7 S. & M. 434 ; *Long v. Fatheree*, id. 404; *Cooke v. Crawford*, 1 Texas, 9 ; *Steelman v. Watson*, 5 Gilman, 249); and that the judgment was irregular, because no notice of application therefor had been given to the defendant. R. S., ch. 132, sec. 27, subd. 2.

*C. K. Martin*, for respondent, to the point that there was a good cause of action, cited *Kelty v. Owens*, 4 Chand. 166. 2. The case does not state whether a reference was had or testimony taken, or whether a jury was waived. The presumption of law is in favor of the judgment. *Shaw v. Shaw*, 8 Wis. 168 ; *Heald v. Wells*, 7 id. 149 ; *Leonard v. Rogan*, 20 id. 540 ; R. S., ch. 132, sec. 18, subd. 1.

DIXON, C. J. The consideration for which the plaintiff deposited with or paid the money to the defendant has entirely failed, or rather there was never any consideration ; and he is entitled to have it restored to him. The idea that the defendant can retain the money upon the void or illegal agreement between the plaintiff and his wife for procuring a judgment of divorce, and which the defendant, as their attorney, advised, is not to be tolerated. He cannot do so. The complaint states a good cause of action, and the demurrer was properly overruled.

It is objected, that, upon overruling the demurrer, the judgment should have been that the defendant answer over, and not that the plaintiff should recover, etc. This is clearly not so. The judgment as directed was correct. The practice at common law is correctly stated by Mr. Gould (Gould's Pl. ch. IX, § 42), where he says : " In like manner, when a demurrer is joined on any of the pleadings *in chief* — as on the declaration, plea in bar, or other

pleading which goes *to the action*, the judgment is *final* — *i. e.*, if for the plaintiff, it is, *quod recuperet ;* if for the defendant, it is, *quod eat sine die :* so that, on demurrer to any of the pleadings which go to *the action*, the judgment for either party is the same as it would have been on an issue *in fact*, joined upon the same pleading, and found in favor of the same party." And the rule of the common law is the rule of the code as enacted in this state. Section 21, ch. 132, R. S., provides : "On a judgment for the plaintiff upon an issue of law, the plaintiff may proceed in the manner prescribed by the first two subdivisions of section twenty-seven of this chapter, upon the failure of the defendant to answer when the summons was personally served. If judgment be for the defendant, upon an issue of law, and if the taking of an account or the proof of any fact be necessary to enable the court to complete the judgment, a reference or assessment by a jury may be ordered as in that section provided." In this case the demurrer went *to the action*. It was to the complaint, that it did not state facts sufficient to constitute a cause of action. The proper direction, therefore, was, that the plaintiff have judgment for his damages, unless leave was given to the defendant to answer over, which is usually done as matter of course, upon his application, provided the demurrer be not frivolous, clearly interposed in bad faith and for the purpose of delay. The judgment thus directed, which was final, must be perfected in the manner pointed out by the statute. In a case of this kind, which is an action for relief, and not upon a contract for the recovery of money only, application must be made to the court for the relief demanded in the complaint, pursuant to the provisions of subdivision two of section twenty-seven, above referred to. And this brings us to another objection, which seems fatal to the regularity of the judgment.

The application under that subdivision must be pre-

ceded by eight days' notice to the defendant of the time and place, in case the defendant give notice of appearance in the action before the expiration of the time for answering. No such notice was here given, or at least none appears by the judgment roll returned upon the appeal, where the same should be found in case it had been given. The notice, if given, would constitute a part of the judgment roll. R. S., ch. 132, § 35, subd. 2. The judgment perfected without such notice is erroneous, and must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — It is so ordered.