Lindauer and others vs. Clifford.

PRACTICE.   *Entry of judgment by clerk.   (1) Waiver of service of summons.   (2, 3) Notice of application for judgment, and of taxation of costs.*

1. In an action upon contract for the recovery of money only, the clerk may enter judgment for the plaintiff upon the filing of proof of personal service of the summons, and that no answer has been received within the time prescribed by law (Tay. Stats., 1501, § 32, subd. 1); and a voluntary appearance of the defendant is *equivalent* to a personal service in such a case. Tay. Stats., 1434, § 21.
2. If the complaint in such a case is verified, notice of the application for judgment is not required.
3. Summons and verified complaint in such an action served January 11, by leaving copies with defendant's wife at his residence; general appearance for defendant January 21; affidavit filed February 4, that more than twenty days had elapsed since service of summons and complaint, and that no answer or demurrer had been served; and, without notice to defendant of the application for judgment or of the taxation of costs, the clerk, in vacation, entered judgment for plaintiffs for the amount demanded, with costs. On appeal from such judgment, it is affirmed.

APPEAL from the Circuit Court for *Portage* County.

The cause was submitted on briefs of *Barnes & Cavanagh* for the appellant, and *Jones & Sanborn* for the respondents.

For the appellant it was argued, 1. That, in the absence of any personal service of the summons, the clerk was not authorized to enter a judgment (Tay. Stats., 1501, § 32, subd. 1; *Moyer v. Cook,* 12 Wis., 335; *Wadsworth v. Willard,* 22 id., 238); and that the judgment entered was not merely irregular, but *void.* The power granted to the clerk is of doubtful constitutionality at best *( Wells v. Morton,* 10 Wis., 468), and must be strictly construed and pursued. *Files v. Robinson,*

30 Ark., 487.   It is sustained only on the ground that the clerk, in entering judgment, acts as a merely *ministerial* officer; and where he acts without authority of law, and not in the presence of the court, his acts are nugatory and void. *Hempstead v. Drummond*, 1 Pin., 534; *Hutchinson v. Mc-Clellan*, 2 Wis., 17; *Holmes v. Lewis*, id., 83; *Gorman v. Ball*, 18 id., 24; *Kelly v. Van Austin*, 17 Cal., 564; *Stearns v. Aguirre*, 7 id., 443; *Chipman v. Bowman*, 14 id., 157; *Wallace v. Eldredge*, 27 id., 495; *Glidden v. Packard*, 28 id., 649; 30 id., 192, 530; *Reynolds v. La Crosse & Minn. Packet Co.*, 10 Minn., 178; *Hart v. Nixon*, 25 La. Ann., 136. The general rule that a judgment is not void where the court has jurisdiction of the subject matter and of the person, is subject to exceptions.   There is a limit to the mode in which, and the time at which, jurisdiction may be exercised; a limit beyond which the acts of the court cease to be merely erroneous, and become void.   *Windsor v. McVeigh*, 93 U. S., 274; *Bigelow v. Forrest*, 9 Wall., 350–51; *State v. Lockwood*, 43 Wis., 403.   If the state of the record had given the right to enter a judgment, but there had been some contemporaneous or subsequent error in some detail of procedure, the amount or kind of judgment entered, etc., the judgment would have been erroneous or irregular only *(Bonnell v. Gray*, 36 Wis., 574); but where the state of the record gave no authority to enter a judgment at all, the judgment actually entered is void. *Bond v. Pacheco*, 30 Cal., 530.   2. That defendant was entitled to eight days' notice of application to the court for judgment (subd. 2 of said sec. 32), and lack of such notice was a *jurisdictional* defect.   *Wadsworth v. Willard*, 22 Wis., 238; *Douville v. Merrick*, 25 id., 688; *Northrup v. Shephard*, 26 id., 220.   3. That the judgment was at least irregular, and should be reversed for that reason.

Cole, J.   This action upon a promissory note was commenced on the 11th of January, 1878, by service of summons

and verified complaint, by leaving copies thereof with defendant's wife at his place of abode, the defendant not being found. On the 21st day of the same month, the defendant entered a general appearance in the action by attorney. On the 4th of February following, one of the attorneys for the plaintiffs made and filed the usual affidavit, that more than twenty days had elapsed since service of the summons and complaint, and that no answer or demurrer had been served by defendant; and thereupon the clerk, in vacation, entered judgment in favor of the plaintiffs for the amount due on the note. No notice of application for judgment was given to defendant's attorney. It is now objected that the clerk had no authority to enter the judgment under the circumstances. This objection must be overruled. Subd. 1, § 32, ch. 132, Tay. Stats., authorizes the clerk to enter judgment in an action arising upon contract, for the recovery of money only, where there has been a personal service of summons. The voluntary appearance of the defendant is expressly made, by statute, equivalent to a personal service upon him (§ 21, ch. 124, Tay. Stats.), and gave the clerk full authority to enter judgment under the above provision. This power of the clerk to enter judgment on proof of personal service is too well settled to be called in question.

Again, it is said that no notice of the application for judgment was given the defendant's attorney. As the complaint was verified, none was necessary. *Trumbull v. Peck*, 17 Wis., 265; *Bonnell v. Gray*, 36 id., 574. When the complaint is not sworn to, then there is an assessment of damages by the clerk, notice of which is proper. But in *Bonnell v. Gray* it was held that an assessment without notice in such a case was but a formal irregularity, which, of itself, would not operate to reverse the judgment.

*By the Court.* — The judgment of the circuit court is affirmed.

RYAN, C. J., took no part.