Adams, Administrator, etc., vs. Myers, imp.

*October 17 — November 6, 1884.*

*Foreclosure of mortgage: Costs of defendant disclaiming: Notice of taxation:* Res adjudicata.

In an action to foreclose a mortgage, a defendant who had been made a party as having some interest, answered disclaiming all interest and praying for costs. The answer was stricken out as frivolous. Subsequently said defendant resisted the application for judgment and asked for his costs which were denied and, after the entry of judgment, the costs were taxed without notice to him. Thereupon he moved to set aside the taxation and for costs to be taxed in his favor. On an appeal from the order denying such motion, *held,* that it was *res adjudicata* that such defendant was not entitled to costs, and the failure to give him notice of the taxation, if error, was immaterial.

APPEAL from the Circuit Court for *Dodge* County. The facts will sufficiently appear from the opinion.

Adams, Adm'r, etc., vs. Myers, imp.

For the appellant there was a brief by *E. V. Briesen*, attorney, and *E. E. Chapin*, of counsel, and oral argument by *Mr. Briesen*.

*John S. Maxwell*, for the respondent.

ORTON, J. The complaint was for the foreclosure of a mortgage executed by the defendants W. Koch and Friederike Koch, his wife, to Morris Burnham (deceased), and the appellant, *William Myers*, was made a defendant as having some interest in the mortgaged premises. The appellant answered, disclaiming any interest in the premises whatever at the time of the commencement of the suit, and prayed that the suit be dismissed as to him and that he recover his costs. This answer was stricken off as frivolous, and the appellant made no further answer. That order stands unreversed, and the appellant was then as effectually out of the case as if it had been dismissed as to him. He had no interest whatever in the subject matter of the action, as shown by his answer, and probably for that reason it was stricken off the files. It is not necessary to review the various proceedings antecedent to the judgment in the case, as this appeal does not embrace any of the orders therein. At the time the judgment was finally rendered the appellant appeared and resisted the motion for judgment, and asked for his costs. The court ignored the appearance of the appellant and his objections, and refused him costs; and on the 12th of January, 1884, rendered judgment in the case, and the costs were taxed without notice to the appellant, and inserted therein. After the judgment and costs had been satisfied by the defendants' quitclaim deeds to the plaintiff of the mortgaged premises, the appellant moved the court, by rule to show cause, to set aside the taxation of costs and for costs to be taxed to himself, and from the order denying the motion this appeal is taken.

All through the proceedings the appellant had been an in-

termeddler without a particle of interest in the suit, and the plaintiff has been embarrassed and hindered by his repeated and persistent motions and objections. He really had no standing in the case from the time his answer was stricken out as frivolous which disclaimed any interest in the suit, and yet he insisted upon putting the plaintiff upon proof of his case. His interest in any costs in the case was disposed of by striking off his answer in which he asked for costs, and it was again disposed of when he asked for costs at the time of the rendition of the judgment and it was denied, and yet he appealed from neither order nor judgment. He asked that the taxation of the costs in the main case, in which he had no interest whatever, be set aside, and asked again for costs for himself. If, technically, he might have been entitled to notice of such taxation of costs by the plaintiff continuing unnecessarily to give him notice of the various motions and of the application for judgment, it was a mere irregularity which did not in any way affect his rights, and such an error, if one, should be disregarded. *Bonnell v. Gray*, 36 Wis. 574; *Decker v. Trilling*, 24 Wis. 610; sec. 2829, R. S. The matter of his own costs was *res adjudicata* when he made his last motion. He had no interest in the case, and should therefore have not interfered to obstruct or prevent the judgment of foreclosure in the case, as no judgment could have been rendered affecting his interests or rights in any way whatever. Although often thrust out of the case, he has manifested a persistent determination to remain in it, and only for the purpose of obtaining costs.

*By the Court.*— The order of the circuit court is affirmed.