ROLLINS and others, Respondents, vs. KAHN, Appellant.

*September 25 — October 12, 1886.*

*(1) Attachment for demand not due: Judgment. (2) Entry of judgment pending stay: Order nunc pro tunc. (3) Failure to give notice of application for judgment and of taxing costs.*

1. Where property is attached in an action upon a demand not due (under ch. 223, Laws of 1880), judgment may be entered for the whole amount due at the time of the entry thereof.
2. A stay of proceedings in an action was granted until the determination of a motion. Judgment was afterwards entered, and subsequently, on the same day, an order denying such motion was entered, *nunc pro tunc*, as of a previous day. *Held*, that the judgment was not entered pending the stay of proceedings.
3. A just and equitable judgment will not be set aside merely because no notice was given of the application therefor or of the taxation of costs.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiffs commenced an action by service of summons on October 14, 1884, and on the same day made an affidavit stating that the defendant was indebted to them in the sum of $1,282.74; that the same was to become due upon implied contract as follows: $617.50 on October 31, 1884; $564.30 on November 14, 1884; and $100.94 on November 29, 1884; and that the defendant had disposed of his property with intent to defraud creditors. A writ of attachment was duly issued. The defendant appeared in the action and on November 20 the complaint was served, in which it was stated that the plaintiffs had sold and delivered to the defendant goods, wares, and merchandise of the value of $1,282.74; that there was due therefor at the time of the commencement of the action $617.50; and that there was to become due on November 15, 1884, $564.30, and on December 1, 1884, $100.94. The defendant did not answer the complaint, but traversed the affidavit for an attachment,

and the issue on such traverse was tried and determined in favor of the plaintiffs, October 22, 1885.

On December 8, 1885, the defendant obtained an order to show cause why the action should not be dismissed, and staying proceedings until the determination of the motion. The motion was argued and submitted December 12, 1885, and held under advisement. On May 11, 1886, judgment by default was entered by the clerk against the defendant for $617.50, with interest from October 14, 1884, and for $564.30, with interest from November 15, 1884, and for $100.94, with interest from December 1, 1884, and for costs. Subsequently, on the same day, an order was entered denying the defendant's motion to dismiss the action, and directing that such order be entered *nunc pro tunc* as of April 27, 1886.

The defendant moved to set aside the judgment upon four grounds, stated in the opinion, and appealed from an order denying such motion.

For the appellant there was a brief by *Jenkins, Winkler, Fish & Smith*, of counsel, and oral argument by *C. H. Van Alstine*. They contended, *inter alia:* 1. The clerk had no authority to enter judgment for the amount not due at the commencement of the action. An action to recover a debt not due is not an action arising on contract within the meaning of subd. 1, sec. 2891, R. S. Such an action is an action arising by reason of a *breach of contract*, and no breach subsequent to the action can be held to relate back so as to give a cause of action prior to the breach. The clerk has no authority to pass upon the sufficiency of the affidavit and undertaking in an action upon a demand not due, and has no power to take proof that *property has been attached*, which is absolutely necessary to sustain the action. He therefore has no power to enter judgment in such an action. 2. Judgment *in personam* is not authorized in an action to recover a demand not due, notwithstanding it is

due when judgment is rendered. The statute should be construed as authorizing an action affecting only the property attached, and it will thereby be rendered effective and harmonious in its parts, and the imperfection suggested in *Rice v. Jerenson*, 54 Wis. 248, will disappear. An action does not arise upon a contract until it is broken. The statute does not declare or work a breach of the contract, and hence there is no *cause of action* in an action upon a demand not due. There can, therefore, be no judgment *in personam* even when personal service is had upon the defendant.    3. The entry of judgment pending the stay of proceedings was an irregularity for which the judgment should have been set aside. *Wallace v. Wallace*, 13 Wis. 227; *Egan v. Sengpiel*, 46 id. 709; *Brown v. Griswold*, 23 Hun, 618.    4. So, of the entry of judgment without notice of the taxation of costs. *Johnson v. Curtis*, 51 Wis. 595.    5. And of the entry of the judgment without notice of the application therefor. *Bartelt v. Braunsdorf*, 57 Wis. 1.

*W. J. Turner*, for the respondents.

ORTON, J.    This appeal is from an order denying the motion of the defendant to set aside the judgment. The motion was predicated upon the following grounds: *First*, that at the time of the entry and docketing of said judgment there was a stay of proceedings on the part of the plaintiffs in said action, which stay had not then been vacated or modified; *second*, because no notice of application for judgment was served on the attorneys for the defendant; *third*, because no notice of taxation of the costs was ever served on the attorneys for said defendant; *fourth*, because the said judgment is founded on a demand, a part of which was due and a part of which was not due at the time of the commencement of the action, and judgment could only have been rendered for the amount due. These

are the only grounds to be considered on the appeal for the reversal of the order.

This was a proceeding by attachment as for a debt not due, under ch. 223, Laws of 1880. There may be an imperfection in this act, so far as to what shall be done with the property attached before the debt becomes due, as intimated in *Rice v. Jerenson*, 54 Wis. 248; but there does not seem to be any defect as to the rendition of the judgment in the action after the debt becomes due. The language is, "and the same proceedings *in the action* shall be had as in actions upon matured demands." A personal action is commenced with the attachment the same as when the demand has matured, or else there is no meaning in the above language. A summons was served and a complaint filed as in personal actions, and in this case there was no answer to the complaint. If no judgment ought to have been rendered, the defendants should have answered and set up a defense on the ground that the debt was not due. But in this case, when the attachment was levied and the summons and complaint served, a considerable part of the demands had matured. As to that part of the judgment there does not lie this objection; and, instead of setting the whole judgment aside because it was for too much, the motion should have been made to correct or modify it in this respect. But we think the judgment was properly entered for the whole amount of the demands, they having all matured before that time. This disposes of the fourth ground of the motion.

As to the first ground, that the judgment was entered pending a stay of proceedings, it seems that the order denying the motion upon which the stay was allowed is dated the 11th day of May, the same day as the entry of judgment, but *nunc pro tunc*, as of the previous 27th day of April. The effect of the order was therefore to remove the stay on the last-mentioned day. An order *nunc pro tunc* is

where the delay is the act of the court, and is so entered so as not to prejudice the party in whose favor it is made. Even a judgment may be entered *nunc pro tunc*, at common law, after the death of the defendant, on a verdict rendered before his death.  2 Tidd's Pr. 932.  Such an order is in the discretion of the court, presumably, when it had already decided the motion at that time, and delayed to enter the order until afterwards, or had the matter under advisement, and afterwards so entered the order so that it might not prejudice the party in whose favor it was made.  2 Bouv. Law Dict. 247; Abb. Forms, 693.  This being the nature of an order *nunc pro tunc*, it is certainly as valid and effectual as any other order until it is reversed, set aside, or modified as to date.  According to this order, then, there was, in contemplation of law, no motion pending, and no stay of proceedings, when the judgment was entered.

The second and third grounds are that there was no notice for application for judgment or for taxation of costs.  As to the costs, the defendant should have moved for a retaxation if there is any valid objection against them.  But such trivial irregularities are not grounds for setting aside the judgment.  *Pirie v. Hughes*, 43 Wis. 534; *Bonnell v. Gray*, 36 Wis. 581.  There was no merit in the motion.  The defendant does not deny the debt, or pretend that he has any defense to the action.  He was in default on failure to answer, and he does not ask for a new trial.  He moves to set aside the judgment on the most technical irregularities. The court had jurisdiction to render the judgment, and it is just and equitable, and such errors or defects, not affecting the substantial rights of the defendant, should therefore be disregarded.  Sec. 2829, R. S.; *Schweitzer v. Connor*, 57 Wis. 183; *Wadleigh v. Marathon Co. Bank*, 58 Wis. 552; *Adams v. Myers*, 61 Wis. 387.

*By the Court.*— The order of the circuit court is affirmed.