Reid and others vs. Southworth.

REID and others, Appellants, vs. SOUTHWORTH, Respondent.

*February 29 — March 27, 1888.*

*(1, 2) Judgment by confession for debt not due: Power construed.*
*(3) Setting aside unauthorized judgment.*

1. Authority to confess judgment upon a debt not due must be given in clear and precise language.
2. A warrant of attorney to confess judgment upon a note "for such amount as may appear to be *unpaid* thereon," authorizes judgment to be confessed only for the amount actually *due.*
3. An unauthorized judgment will be presumed to affect substantial rights, and should be set aside.

APPEAL from the Circuit Court for *La Crosse* County. The case is stated in the opinion.

For the appellants there was a brief by *Prentiss & Miller*, and oral argument by *J. J. Cole* and *G. C. Prentiss.* To the point that the party moving to set aside a judgment entered upon warrant of attorney must show that he has been subjected to some injustice before the court will interfere, they cited *Van Steenwyck v. Sackett*, 17 Wis. 645, 657; *McIndoe v. Hazelton*, 19 id. 567; *Herfurth v. Biederstaedt*, 43 id. 633; *Pirie v. Hughes*, id. 531; *Rollins v. Kahn*, 66 id. 658.

For the respondent there was a brief by *Fruit & Brindley*, and oral argument by *Mr. J. J. Fruit.*

COLE, C. J.    This is an appeal from an order setting aside judgments between these parties.    It is stipulated that the appeals from the order in each case be consolidated, and that they be treated as one appeal.    The judgments were entered upon warrants of attorney included in the same instruments with the promissory notes given by the defendant.    These notes were dated February 3, 1887, and became due, one in four months and the other in six months from date.    Judgments were entered on the warrants of attorney on each note, February 11th, eight days after the notes were given, and before anything was due upon them.    It is now claimed on behalf of the defendant that the warrants of attorney did not authorize the entry of judgment when nothing was due upon the notes.    This contention we think is sound, and must prevail.

The warrants of attorney, in effect, " authorize any attorney of any court of record to appear for the defendant in term time or vacation at any time [thereafter], and confess judgment without process in favor of the holder of the note, for such amount as may appear to be unpaid thereon, hereby expressly waiving all exemption under the laws of Illinois, and also waiving all errors in the proceedings." Now the obvious meaning of this language restricts the authority to confess judgment to the amount actually due upon the notes.    It is said on the part of the plaintiffs that it authorizes a confession of judgment, not only for the amount due, but for the amount to become due, at any time after the warrant of attorney was executed.    But this is not a fair construction of the instrument.    The language, "for such amount as may appear to be unpaid thereon," clearly refers to the amount which is actually due and payable.    It is doubtless true that the word " *unpaid* " sometimes means a debt or obligation not discharged, without regard to the time it matures.    But that is not the sense in which the word is used in the warrant of attorney.    It ap-

pears from the affidavits used on the part of the plaintiffs in resisting the motion to vacate the judgment that these notes were given as extensions of other notes, and to extend the time of payment of the debt. It may be possible that the defendant would have been willing and consented to have judgment entered immediately for the amount secured by the notes, yet such a supposition is very unreasonable and highly improbable.

The remarks of Mr. Justice Orton, in *Sloane v. Anderson*, 57 Wis. 123, are so pertinent to the point we are considering that we cannot do better than quote them, as they fully settle the construction which should be given to the warrant of attorney. The warrant of attorney in that case contained the precise language which is used in the one before us. Mr. Justice Orton says: "The power of attorney does not authorize the confession of judgment before the note is due, or for more than is due upon it. The language 'for such amount as may appear to be *unpaid* thereon' does not give such authority by the necessary meaning of the word 'unpaid,' or by any meaning that can be forced by its context." A power to confess judgment for a debt not due should be "clearly granted and expressed, and not left to mere inference or implication. The word 'unpaid' is more commonly and properly applied to a debt *due* than to a debt *undue*, and may at least as well mean a debt due as undue; therefore no power to confess a judgment for a debt undue is even implied by it. In *Dilley v. Van Wie*, 6 Wis. 209, the warrant of attorney authorized the confession of judgment for the amount *appearing* to be due, and the attorney was held to the authority only to confess judgment for the amount *actually* due. See, also, *McCabe v. Sumner*, 40 Wis. 386."

The law is well settled that, in entering up judgment on a warrant of attorney, the authority given by it must be strictly pursued. 1 Tidd, Pr. (9th ed.), 552. It seems to us

it is impossible to say that authority was given in the warrant of attorney in this case to enter up judgment upon the notes whether they were due or not. As was said in the *Sloane Case*, such authority should be given in clear and precise language, and should not rest in inference or doubtful implication. It is claimed by the learned counsel for the plaintiffs that the authority given was to confess judgment at any time after the date of the warrant of attorney, without reference to the maturity of the debt, as was done in *Sherman v. Baddely*, 11 Ill. 622; *Adam v. Arnold*, 86 Ill. 185; and *Thomas v. Mueller*, 106 Ill. 36. In these cases it was held that the warrant of attorney authorized a confession of judgment at any time after the date of the note, and that a judgment confessed before the maturity of the note was valid. It is obvious that these decisions have no application to this case, in view of the construction which we feel compelled to place upon the warrant of attorney. Authority is not here given to confess judgment at any time after the date of the note, in express terms, or by any unequivocal language; but it is to confess judgment in favor of the holder of the note for such amount as may appear to be unpaid thereon, which implies, as we have said, for the amount which is actually due. We are satisfied that this is the proper construction of the warrant of attorney, but will discuss the point no further. It may well be, as counsel contends, that courts have sustained confessions of judgments upon debts not due. We do not deny but authority may be given to confess judgment upon a debt not due, but what we do hold is that such authority must be given in clear and precise language. It is certainly not so given in this case. And it would be contrary to all the facts and probabilities of the case to suppose a merchant seeking an extension would give his creditor authority to have judgment entered at once on his extended paper, without regard to the time of its maturity, and thus effectually destroy

his credit in the commercial world. That would not be consistent with human conduct and experience, and we are quite confident it was not the intention of the defendant when he executed the warrant of attorney.

In this case, one of the notes was not due when the order vacating the judgment upon it was made. It is said the defendant should show that he is subjected to some injustice, before the court should interfere and set the judgment aside. We think he does show that when it appears that a judgment has been entered against him without any authority in law. It is fair to presume that substantial rights have been affected by the entry of judgment in that manner. This does not present a case of mere technical error or irregularity, but a judgment unauthorized, which would seriously affect the credit of the defendant.

*By the Court.*— The order of the circuit court is affirmed.