Pormann vs. Frede.

PORMANN, Respondent, vs. FREDE, Appellant.

*September 3 — September 18, 1888.*

*Judgment: Entry: Vacating for irregularities: Costs: Retaxation.*

1. A judgment entered by the clerk in pursuance of an order of the court made on the same day must be regarded as a judgment of the court while in session, and a motion to set it aside for irregularities must be made at the same term.

2. A judgment will not be set aside for mere irregularities which do not affect any substantial right.

3. If costs are taxed too high the remedy is by a retaxation.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was brought to recover a balance due upon contracts of $137.73, and the costs of the action. The summons was not personally served. December 8, 1887, the defendant answered, and therein admitted the amount due as claimed; and thereby expressly authorized and confessed judgment in favor of the plaintiff for the amount so claimed.

December 12, 1887, there was filed in said cause with the clerk of the trial court an order made by said court, reciting the due service of the summons on the defendant November 23, 1887; the said confession of the amount claimed, with the said answer attached; the submission to the court, and its decision thereon that the defendant was indebted to the plaintiff in the sum mentioned, for which amount judgment was thereby directed, with costs. Thereupon judgment was entered with and by said clerk in pursuance of said order, and containing the same recitals, wherein it was adjudged that the plaintiff recover of the defendant the sum of $137.73, the amount claimed, and interest, with $23.95 costs and disbursements, amounting in the whole to $161.68. Of none of said proceedings did the defendant have notice. April 23, 1888, the defendant, upon notice and his own affidavit, copies of which had been served, moved the court for an order striking the said answer from the files of the court, vacating and setting aside said judgment and the execution thereon and the levy under the same, and for the enjoining of the sale on the execution, for the reasons that the answer was procured by false and fraudulent representations; that the judgment was entered and execution thereon issued irregularly and without jurisdiction in the court; and that the property levied upon was exempt as a homestead. The motion was resisted by affidavits of the plaintiff's attorney and another, traversing the several grounds of the motion. Upon the hearing of the motion and the attorneys for the respective parties, April 30, 1888, the said motion was overruled and dismissed by the court, and an order made accordingly. From that order the defendant appeals.

For the appellant there was a brief by *Nath. Pereles & Sons*, and oral argument by *Charles F. Hunter.*

For the respondent the cause was submitted on the brief of *A. J. Eimermann.*

CASSODAY, J.   The counter-affidavits on the part of the plaintiff were such as to justify the court in refusing to set aside the judgment upon the merits for the grounds stated in the motion papers. This seems to be conceded. In fact, the moving papers failed to show any meritorious defense to the cause of action alleged in the complaint. The only grounds for the motion are alleged irregularities in the entry of judgment and the taxation of costs. The judgment, having been entered in pursuance of an order of the court made on the same day, must be regarded as a judgment of the court while in session. The plaintiff was clearly entitled to the judgment entered upon the pleadings. Sec. 2892, R. S.; *Eureka Steam Heating Co. v. Sloteman,* 67 Wis. 126. The irregularities complained of consist in the failure to give notice of the application for such judgment, and the failure of the clerk to enter in his minutes a statement of the application. The motion to set aside the judgment upon that ground was not made until the next term, and hence came too late. *Frankfurth v. Anderson,* 61 Wis. 107; *Egan v. Sengpiel,* 46 Wis. 703. Besides, it is not the policy of the law to set aside judgments for mere irregularities which do not affect the substantial rights of the adverse party. Sec. 2829, R. S.; *Rollins v. Kahn,* 66 Wis. 658. If the costs were taxed too high, the defendant's remedy was to retax the same. *Rollins v. Kahn,* 66 Wis. 662.

*By the Court.*— The order of the circuit court is affirmed.