Gile vs. Colby and wife.

---

GILE, Respondent, vs. COLBY and wife, Appellants.

*March 11 — March 27, 1896.*

92  619|
m108  80|

*Mortgages: Foreclosure: Notice of* lis pendens: *Premature entry of judgment: Appeal: Recital in judgment, when not conclusive.*

1. A judgment of foreclosure of a mortgage rendered less than twenty days after the complaint was filed is premature under sec. 3187, R. S., requiring notice of the pendency of the action to be filed twenty days before judgment, since until the complaint is filed the filing of such a notice is inoperative.

Gile vs. Colby and wife.

2. The objection that the entry of judgment in such case was irregular may be raised for the first time in this court on an appeal from the judgment.

3. A recital in the judgment that due notice of the pendency of the action had been filed on a certain day more than twenty days prior to the entry of the judgment will not be held conclusive where the file mark on the original complaint in the judgment roll shows that it was filed within such twenty days.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

This is an appeal by the mortgagors from a judgment of foreclosure of a mortgage.

For the appellants there was a brief by *Skaar & Levis,* and oral argument by *H. L. Butler.*

For the respondent there was a brief by *Fruit & Brindley,* and oral argument by *J. J. Fruit.*

PINNEY, J.   The only question in this case is whether the judgment should be reversed for the reason that the notice of the pendency of the action was not operative for a period of twenty days before the judgment was rendered.   The action was commenced, and notice of the pendency of the action was filed in the office of the register of deeds, July 8, 1893, but the complaint was not filed in the office of the clerk of the circuit court until August 21, 1893, the day upon which the judgment was rendered.   In all other respects the proceedings were regular.   The judgment recites that "due notice of the pendency of the action had been filed in the office of the register of deeds for La Crosse county on the 8th day of July, 1893."   No motion was made in the circuit court to set aside the judgment on the ground relied on for reversal.

The filing of the notice of the pendency of the action, under sec. 3187, R. S., was inoperative until the complaint was filed; and the judgment rendered on the same day the complaint was filed was therefore rendered before the notice

had been operative for the prescribed period of twenty days, and was premature. *Dawson v. Mead*, 71 Wis. 295; *Flood v. Isaac*, 34 Wis. 423; *Olson v. Paul*, 56 Wis. 30.

In general, relief from irregularities in the entry of judgment should be first sought in the trial court. *Keeler v. Jacobs*, 87 Wis. 545. And it would have probably been better, and more in accord with correct principles of practice, to have required that the objection under consideration should be made in that manner; but for a period of more than thirty years, in numerous cases, it has been held that it may be raised in this court in the first instance, on appeal from the judgment. This practice has been so long adhered to that we do not feel at liberty to change it. There is no good reason for supposing that any inconvenience will be experienced under it in the future.

The judgment roll includes the original complaint, and we must regard the file mark which the complaint bears as showing the true date when it was filed. The recital in the judgment cannot be held conclusive on this appeal from the judgment, when an inspection of the record, of which the file mark on the complaint is a part, shows that the error relied on intervened in the rendition of the judgment, and that the judgment was premature. If it had been a question whether proof had been made that notice of the pendency of the action had been filed twenty days before the rendering of the judgment,— this being an extrinsic matter, and no part of the judgment roll,— the recital, it would seem, would be conclusive, in the absence of a bill of exceptions showing that no sufficient proof had been made. *Manning v. McClurg*, 14 Wis. 350, 352; *Webb v. Meloy*, 32 Wis. 319. As the error relied on appears upon the face of the record, in accordance with the decision in *Dawson v. Mead*, 71 Wis. 295, and cases cited, the objection is fatal.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.