ROEHL and another, Guardians, Respondents, vs. VOLCKMANN, Appellant.

*June 3 — June 22, 1899.*

*Forged instruments: Assignment: Warranty of genuineness: Principal and agent: Notice.*

1. Defendant's general loaning agent sent him a forged note and mortgage in return for money sent for investment. Thereafter the interest was regularly received, and on its maturity defendant was notified it would be soon paid, and soon received an assignment of the mortgage to P. containing the usual covenants as to amount due and right to assign, together with a satisfaction of another mortgage held by him. He immediately executed and remailed both to the agent, who thereupon sent back to defendant other notes and mortgages and a small amount of cash to make up the balance. The agent thereupon forged an extension of time on the forged note and negotiated it to P., delivering the note, mortgage, and defendant's assignment on receipt of P.'s check. Plaintiffs' ward acquired title under the decree of the proper county court on the settlement of the estate of P. *Held*, that the defendant, having sold an apparently valid note and mortgage, warranted the amount due thereon and that he had good title, and, it being shown that the supposed note and mortgage were worthless, plaintiffs can recover from him the consideration paid.

2. Defendant when he received the assignment instead of a satisfaction was charged with notice that a sale by the agent instead of payment was or might be contemplated, and when he executed the same and placed it in the hands of his agent, he necessarily clothed the agent with the power to do an act which such an assignment usually and regularly contemplates is to be done,— to sell the security and deliver the assignment to carry such sale into effect.

3. The fact that the extension of time of payment was forged is immaterial, since plaintiffs' loss resulted not from that, but because the note and mortgage, whose genuineness were warranted by defendant, were forged.

4. In the absence of an express warranty contained in an assignment of a mortgage there is an implied warranty of genuineness.

APPEAL from a judgment of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

This is an action by the guardians of Caroline Roehl, a minor, to recover $1,600 and interest from the defendant on the ground that said sum was paid to the defendant by one Frederick Peters, deceased, in consideration of the assignment by said *Volckmann* to said Peters of a note and mortgage purporting to have been executed by one Pieper, but which were in fact forged. *Volckmann*, by his answer, denies having had any transactions with Peters, but admits that he at one time had held the note and mortgage in question, and that they were forged; but he alleges that Peters bought the same of one Rambusch.

The action was tried before a jury, and the evidence showed the following facts without material dispute: For many years Rambusch transacted a real-estate, loan, and abstract business at Juneau, Dodge county, Wisconsin, and enjoyed the confidence of the business community. The defendant, *Volckmann*, lived at Watertown, and Rambusch, from time to time, made investments for him by mortgage. In the year 1885 Rambusch received from *Volckmann* $1,600 to invest, and returned to him the pretended note and mortgage in suit. Said note and mortgage purport to have been executed by one F. William Pieper September 9, 1885, to *Volckmann*, for $1,600, payable five years from date, at seven per cent. interest, and the mortgage purports to cover 120 acres of land in Dodge county, which was in fact owned by Pieper; but both note and mortgage were in fact forgeries. Rambusch sent to *Volckmann* the interest each year as it fell due, and on the 10th of October, 1892, notified *Volckmann* by letter that the mortgage would be paid in a week or two, and later, on the 27th of October, wrote again, saying it would be paid next week. On the 17th of October, 1892, Rambusch wrote to Peters, who lived in Milwaukee, saying that he had a mortgage of $1,600 for sale, describing the mortgage in suit, and that it was renewed in 1890 for five years longer, and the interest reduced to six per cent. Oc-

tober 31, 1892, Rambusch sent an assignment of the mortgage to *Volckmann*, together with the satisfaction of another mortgage held by *Volckmann*, and requested the execution and return of both papers, but said nothing as to what he proposed to do with them. The assignment was filled out as an assignment to Frederick Peters in consideration of $1,600, and contained a covenant that such amount was due, and that the assignor had good right to assign the same. The assignment was duly executed by *Volckmann* October 31st, and was immediately mailed to Rambusch. November 1, 1892, Peters drew and sent to Rambusch his check for $1,600, which seems to have reached Rambusch on the 2d of November, and on said last named date Rambusch sent to *Volckmann* notes and mortgages in place of the Pieper mortgage, together with a small amount of cash to make up the balance. These were received by *Volckmann*, and are still retained. November 3d Rambusch wrote to Peters, inclosing the Pieper note, mortgage, abstract, and assignment, stating that it was sent for the $1,600 received *yesterday*. When the mortgage was sent to Peters, there appeared upon the back of the note an agreement purporting to be signed by Pieper and *Volckmann* September 9, 1890, extending the time of payment for five years, and reducing the interest to six per cent. This indorsement was forged by Rambusch. When the interest fell due in 1893 and 1894, Rambusch remitted the same to Peters. Peters died August 1, 1895, still being the owner of the note and mortgage. His will was admitted to probate, and plaintiffs were duly appointed and qualified as executors thereof. Rambusch sent to the executors the interest upon the mortgage which fell due in 1895. In 1896 Rambusch absconded, and subsequently committed suicide, shortly after which the fact of the forgeries was discovered. In December, 1896, the county court of Milwaukee county entered a final decree settling the estate of Peters, and assigning the personal property, including this note and

mortgage, to Caroline Roehl, as residuary legatee, together with all the rights and claims of Peters growing out of the same or of its purchase from *Volckmann.*

Upon these facts the court directed a verdict for the plaintiffs for the amount of the mortgage and note, and the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.*

For the respondents there was a brief by *Stark & Hansen* and *Wm. H. Bennett,* and oral argument by *Mr. Bennett* and *Mr. Joshua Stark.*

WINSLOW, J.  This is a case of hardship, because, whichever way the judgment goes, a party innocent of any evil design must suffer.  The theory of the complaint is that *Volckmann* sold to Peters an apparently valid note and mortgage, and warranted the amount due thereon, and that he had good title; and that, it being now shown that the supposed note and mortgage are worthless, Peters or his successors in interest may recover the consideration paid.  If the plaintiffs are correct in the position that *Volckmann* sold the securities to Peters, there can be no question as to the conclusion, because, even in the absence of the express warranty contained in the assignment, there would be an implied warranty of genuineness.  *Giffert v. West,* 33 Wis. 617.  On the other hand, *Volckmann's* claim is that he had no business transaction with Peters, but that Peters bought the securities of Rambusch, while he (*Volckmann*) simply sent the securities to Rambusch upon the representation that they were to be paid, and supposed that the assignment was simply to be used as a means of perfecting a discharge of the mortgage by some person when it was paid.  We think the plaintiffs' theory of the true legal effect of the transaction must be held to be correct.  While it is true that *Volckmann* had no personal dealings with Peters, and in fact was totally unac-

Roehl and another vs. Volckmann.

quainted with him, and supposed that the mortgage was to be paid, still when he received from Rambusch, on the 31st of October, an assignment in due form of the securities to Peters, instead of a discharge, we think he was clearly notified that it was 'or might be Rambusch's intention to sell them to another. The evidence shows that Rambusch had been for years the agent of *Volckmann* for the investment, collection, and reinvestment of moneys. Now, if no fact appeared except that *Volckmann* sent to Rambusch, his general loaning agent, the note, mortgage, and assignment, it would hardly be contended but that *Volckmann* thereby authorized Rambusch to negotiate and sell the mortgage in accordance with the terms of the assignment. Certainly, in the absence of any instructions to the contrary, such would be the implied authority of Rambusch. There were no instructions to the contrary in the present case, and the sole ground of escape from the conclusion is that Rambusch had previously notified *Volckmann* that they were to be paid. We do not think this fact can have any such effect as is claimed for it. If *Volckmann* desired to limit the power of his general agent simply to receiving payment of the mortgage, he could easily do so by sending him a simple discharge; but when he received the assignment instead of a discharge he was charged with notice that a sale was or might be contemplated, instead of a payment; and when he executed the same, and placed it in the hands of Rambusch, he necessarily clothed him with the power to do the act which an assignment usually and regularly contemplates is to be done, namely, to sell the security, and deliver the assignment to carry such sale into effect.

We do not regard the fact that Rambusch forged an agreement purporting to extend the time of payment upon the note before sending it to Peters as of any moment. If our reasoning is correct, the fact still remains that *Volckmann* authorized Rambusch to negotiate and sell the note and

mortgage, and that the plaintiffs' loss resulted, not because the agreement of extension was forged, but because the note and mortgage, whose genuineness were warranted by the defendant, were forged. Had they been genuine, the plaintiffs would have realized all that was paid for them, whether the agreement of extension was forged or genuine.

Error is assigned because of the exclusion of the letters written by Rambusch to *Volckmann* prior to the assignment, but, as the letters are all preserved and printed in the record, and we have considered the facts shown by them in our discussion of the case, and are still of the opinion that the verdict was rightly directed, it becomes unnecessary to consider the question of their admissibility.

*By the Court.*— Judgment affirmed.