STARK, Appellant, vs. HUBER MANUFACTURING COMPANY, Respondent.

*December 8, 1906—January 8, 1907.*

*Mortgages: Assignment with warranty: Discharge of prior incumbrances: Measure of damages: Practice: Notice of application for judgment: Appeal and error.*

1. A holder of security, who is obliged to pay a prior lien in order to protect his own, has no right to damages against a warrantor without allegation and proof of inability to collect his own debt in full after reimbursing himself the amount paid in protection of his security.

2. Defendant, a foreign corporation which had not complied with sec. 1770b, Stats. 1898, by filing a copy of its charter with the secretary of state, entered into a contract, at Appleton, with

citizens of Wisconsin, whereby they gave it their promissory note secured by chattel mortgage on certain chattels belonging to them. Plaintiff, having purchased such note and mortgage, brought an action alleging the giving of such note and mortgage, their assignment to him, and that, by reason of noncompliance with sec. 1770*b*, the note and mortgage were void and worthless, whereby plaintiff was obliged to pay certain sums in discharge of an execution levied upon the mortgaged property under a pre-existing judgment against the mortgagors, which sums plaintiff had paid to the use of defendant, and recovery of such sums with interest was prayed. There was no allegation either that the signers of the note were not solvent and ready to pay it, nor that the mortgaged property was inadequate to satisfy the judgment paid off by plaintiff and also his mortgage debt, nor that the mortgage debt had not been paid and satisfied. On demurrer to the complaint, *held:*

(1) The complaint failed to show that plaintiff had as yet suffered any loss or damage.

(2) Assuming, as alleged, that the mortgage was wholly invalid and void, conferring no lien at all, there was neither reason nor necessity for plaintiff to discharge any prior liens or incumbrances, since such payment could not be necessary to protect plaintiff's interest, for he had none.

(3) Plaintiff's measure of damages, if he was wholly unable to collect his debt, would be the price paid by him to defendant, or at most the amount of the debt.

(4) Plaintiff could not charge defendant with the result of his own gratuitous and useless act in buying up or paying off any other debt of the mortgagors, since no such act could have been within the contemplation of the parties as a probable result of a breach of warranty of the validity of the mortgage.

3. One in peril from breach of a warranty must exercise reasonable diligence to minimize damages, and, if his rights against property or third persons are lost by his own neglect, he cannot hold the warrantor responsible.

[4. Whether, on sustaining a demurrer to a complaint and granting leave to answer on terms, omission of notice to the plaintiff of application for judgment on failure to plead within the time allowed is of itself a fatal error, or merely such an irregularity in procedure that reversal need not result unless, in some form of application to the trial court, appellant (plaintiff below) shall have made affirmatively to appear that he has suffered substantial prejudice thereby, not determined, the appellate court being equally divided in opinion thereon.]

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The amended complaint alleged that the defendant, being a foreign corporation engaged in the state of Ohio in the business of manufacturing steam engines and boilers and various agricultural implements, which had not complied with sec. 1770*b*, Stats. 1898, by filing copy of its charter, etc., with the secretary of state, on July 17, 1902, entered into contract, at Appleton, Wisconsin, with three persons named Bailey, there resident, whereby the latter gave to the defendant their promissory note for $1,874 and a chattel mortgage to secure the same upon certain machinery belonging to them. On July 25th the plaintiff purchased said note and mortgage from the defendant for $1,675, and is still the owner and holder of the same; that, by reason of noncompliance with sec. 1770*b*, said note and mortgage were void and worthless, whereby plaintiff has been compelled to pay out the sum of $571.75 in discharge of an execution levied upon said property under a preexisting judgment against the Baileys, which sum, it is alleged, the plaintiff has paid to the use of the defendant, and before this action demanded repayment thereof. Recovery of this amount with interest from April, 1904, was prayed. A general demurrer was interposed, which was sustained, with leave to the plaintiff to serve amended complaint within twenty days upon the payment of $10 costs. Such order was served on the plaintiff October 3, 1905. On October 30th, upon affidavit of failure to serve such amended complaint, but without notice, defendant moved for judgment, whereupon judgment was ordered and entered dismissing the complaint, and for costs, from which judgment the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Gerrit T. Thorn* and for the respondent on that of *R. L. Morse.*

DODGE, J. Whether the complaint sufficiently alleges that the chattel mortgage given defendant by the Baileys was such

a contract as is declared void by subd. 10, sec. 1770b, Stats. 1898, and whether any warranty of validity of such mortgage is shown, may be passed, for the reason that there are presented other seemingly insuperable obstacles to the maintenance of this action. The complaint is entirely silent as to whether the debtors have made any objection to the validity of either the note or the chattel mortgage sold plaintiff by defendant. We may perhaps guess that they have not, since plaintiff makes no claim to recovery of the price he paid, as he naturally would if he had been unable to collect. Viewing the situation, then, in this light, namely, that the owners·concede the validity of the note and mortgage as against them, the plaintiff is entitled, if invalidity of mortgage against the judgment creditor be conceded, as also defendant's warranty of such validity, to recover only the damage which he has suffered by reason of the superior rights of such judgment creditor. If plaintiff were purchaser outright of a warranted title to the chattels, his damages would be all that he necessarily paid to clear it from any superior liens or rights (Rawle, Cov. Tit. [2d ed.] 158; *Johnson v. Brice,* 102 Wis. 575, 580, 78 N. W. 1086; *Patterson v. Cappon,* 125 Wis. 198, 203, 102 N. W. 1083), but he obtained by the mortgage only a right in the property as security for a specified amount. If he can recover the full amount of his secured debt he is in no wise damaged by the presence of other and superior liens. One holding a thousand-dollar mortgage on property salable for $10,000 is not injured by a prior mortgage of $100, for the security, after paying such superior incumbrance, is still sufficient to satisfy his rights therein. Hence a holder of security who is obliged to pay a prior lien in order to protect his own has no right to damages against a warrantor without allegation and proof of inability to collect his own debt in full after reimbursing himself the amount paid in protection of his security. *Foster v. Taggart,* 54 Wis. 391, 11 N. W. 793; *Beetle v. Anderson,* 98 Wis. 5, 73 N. W. 560; *Shaw v. Gilbert,* 111 Wis. 165, 191, 194, 86 N. W. 188; *Ill. T. & S.*

*Bank v. Alex. Stewart L. Co.* 119 Wis. 54, 65, 94 N. W. 777.
There is in this complaint no allegation either that the sign-
ers of the note are not entirely solvent and ready to pay it,.
nor that the property mortgaged is not adequate to satisfy the
judgment paid off by plaintiff and also his mortgage debt.
Nay, it is not even alleged that they have not been paid and
satisfied. The complaint, therefore, fails to show that plaint-
iff has as yet suffered any loss or damage. If, however, we
indulge in no assumption as to the attitude of the mortgagors,.
and proceed to view plaintiff's rights upon the letter of the
complaint, then we have, as alleged, a wholly invalid and
void mortgage, conferring no lien at all. In that situation
there could be neither reason nor necessity for plaintiff to
discharge any prior liens or incumbrances. Such payment
could not be necessary to protect his interest, for he has none.
His measure of damages, if he has been wholly unable to col-
lect his debt, is the price paid by him to defendant, or, at
most, the amount of the debt. *Hahn v. Doolittle,* 18 Wis.
196; *Roehl v. Volckmann,* 103 Wis. 484, 79 N. W. 755;
*Duecker v. Goeres,* 104 Wis. 29, 36, 80 N. W. 91. We do
not decide whether, under some circumstances, this amount.
might be increased by expenses necessarily incurred in good
faith in attempting to defend or enforce his lien before he
discovered its invalidity, for this plaintiff obviously made
such discovery before he paid the amount he now seeks to
recover. He cannot charge the defendant with the results of
his own gratuitous and useless act in buying up or paying off
any other debt of the mortgagors. No such act could have
been within the contemplation of the parties as a probable re-
sult of the breach of a warranty of the validity of the mort-
gage.

Another consideration precludes recovery as damages of
the specific sum paid to discharge this judgment against the
mortgagors, and that is that plaintiff cannot have lost the
money so paid except by his own neglect. The complaint al-

leges the validity of such judgment and right to levy execution thereunder upon the mortgaged property. In absence of such facts he had no need to pay it. These allegations being true, plaintiff, if compelled to pay the judgment, could have enforced it either against the debtors or against such property. He can still do so, unless, by his own neglect, he has allowed either the right or the opportunity to be lost. If so lost, of course he cannot hold defendant responsible. One in peril from breach of a warranty must exercise reasonable diligence to minimize damages. *Kelley, M. & Co. v. La Crosse C. Co.* 120 Wis. 84, 90, 97 N. W. 674.

Another assignment of error rests upon the fact that final judgment against plaintiff was entered without notice of application therefor. While we are all of opinion that the statutes, together with Circuit Court Rule XI, sec. 1, require notice of application for judgment under such circumstances, the members of the court are equally divided in opinion as to whether such an omission is of itself a fatal error, or merely such an irregularity in procedure that reversal need not result, unless, in some form of application to the trial court, appellant shall have made affirmatively to appear that he has suffered substantial prejudice thereby. See *Douville v. Merrick,* 25 Wis. 688; *Bonnell v. Gray,* 36 Wis. 574; *Lindauer v. Clifford,* 44 Wis. 597.

*By the Court.*—Judgment affirmed.