FEDERAL LAND BANK OF ST. PAUL, Respondent, vs. OLSON and others, Defendants: SIMPSON and others, Trustees, Appellants.

*December 4, 1941—January 13, 1942.*

450

For the appellants there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *Richard T. Reinholdt.*

For the respondent there was a brief by *W. E. Atwell* of Stevens Point, attorney, and *John Thorpe, Robert J. Barry,* and *Harold W. Lee,* all of St. Paul, Minnesota, of counsel, and oral argument by *Mr. Atwell.*

.ROSENBERRY, C. J.    The material part of sec. 270.62 (2), Stats. 1939, is as follows:

"270.62 (2) In other actions [actions other than contract] including all actions founded upon, or sounding in tort; the plaintiff may, upon the like proof, apply to the court for judgment according to the demand of the complaint. . . . If the defendant shall have appeared in the action he shall be entitled to eight days' notice of such application for judgment."

It is conceded that this provision is not modified by sec. 281.209 (3), Stats. 1939, which by its terms requires notice of application for judgment to be served upon defendants against whom a deficiency judgment is demanded and upon defendants in possession of the mortgaged property whether they have appeared or not.   It is conceded that the appealing defendants were entitled to notice; that they did not receive formal notice.   Failure to give the notice, however, is an irregularity and is not jurisdictional.   *Lindauer v. Clifford* (1878), 44 Wis. 597; *Rollins v. Kahn* (1886), 66 Wis. 658, 29 N. W. 640.

The question for consideration and decision here is whether the appellants are entitled to have the judgment vacated as a matter of right, although it clearly and conclusively appears as found by the trial court that they are in no way injured and have suffered no loss by reason of the fact that due notice was not given.   The appellants have not even claimed that the premises could have been sold for more than the amount for which they were bid in at the foreclosure sale

however sold, whether in parcels or as a whole, whether the homestead was sold separately or in connection with the remainder of the farm. What appellants seek to do is to vindicate a barren legal right without any showing of injury.

In *Warren v. Foreman* (1865), 19 Wis. *35, *38, there was a motion to set aside a judgment by default or to have it modified so as to direct a sale in parcels and for disposition of the proceeds, etc. The court said:

"The appellant shows no special equity to have had the land covered by the Bostwick mortgage sold first; and I think he shows no other sufficient ground for vacating the judgment or setting aside the sale. It is not enough that the judgment may be technically irregular. . . . Appeals in equity ought not to be entertained to correct mere irregularities in practice not affecting substantial rights or operating injuriously to the party appealing."

While this case is of course not one where there was a failure to give notice of application for judgment, the principle laid down applies with equal force in this case.

In *Stark v. Huber Mfg. Co.* (1907) 130 Wis. 432, 437, 110 N. W. 231, which was an action for money damages, judgment was entered without notice of application therefor. The court said:

"While we are all of opinion that the statutes, together with Circuit Court Rule XI, sec. 1, require notice of application for judgment under such circumstances, the members of the court are equally divided in opinion as to whether such an omission is of itself a fatal error, or merely such an irregularity in procedure that reversal need not result, unless, in some form of application to the trial court, appellant shall have made affirmatively to appear that he has suffered substantial prejudice thereby."

The general rule is stated as follows:

"Irregularity in the proceedings leading to the entry of a judgment, as distinguished from mere error, is ground for vacating the judgment, provided the irregularity renders the

judgment void, or is prejudicial or dangerous to the substantial rights and interest of the party affected." 34 C. J. p. 274, § 495, and cases cited, note 81.

It is considered that this court is committed to the doctrine that a judgment will not be set aside for a mere irregularity where no prejudice is shown. Sec. 269.43, Stats., commands the court to disregard any error or defect which does not affect the substantial rights of the adverse party. In an attachment case, *Rollins v. Kahn, supra,* there was a failure to give a notice of application for judgment or for taxation of costs. There was a motion to set aside the judgment on both grounds. As to the taxation of costs the court held there should have been a motion for retaxation. In disposing of the motion, the court said (p. 662) :

"There was no merit in the motion. The defendant does not deny the debt, or pretend that he has any defense to the action. He was in default on failure to answer, and he does not ask for a new trial. He moves to set aside the judgment on the most technical irregularities. The court had jurisdiction to render the judgment, and it is just and equitable, and such errors or defects, not affecting the substantial rights of the defendant, should therefore be disregarded." (Citing cases.)

In an action to recover a balance due on contract, *Pormann v. Frede* (1888), 72 Wis. 226, 228, 39 N. W. 385, there was no notice of the application for judgment and there was a motion to set aside the judgment upon that ground. The court held the motion came too late but said: "It is not the policy of the law to set aside judgments for mere irregularities which do not affect the substantial rights of the adverse party."

These cases hold that failure to give notice of entry of judgment is a mere irregularity. Despite the fact that the court was equally divided in *Stark v. Huber Mfg. Co., supra,* it is held that a judgment will not be set aside for a mere

irregularity without a showing of prejudice. If the defect is such as to render the judgment void it is of course subject to be stricken from the record at any time for that reason. See also *Bonnell v. Gray* (1875), 36 Wis. 574; *Lindauer v. Clifford, supra; McBride v. Wright* (1889), 75 Wis. 306, 43 N. W. 955. (Filing *lis pendens*.)

Where substantial prejudice is shown, ordinarily the court in the exercise of its discretion will vacate the judgment where no notice of application for judgment is given. *Douville v. Merrick* (1870), 25 Wis. 688; *Reid v. Southworth* (1888), 71 Wis. 288, 36 N. W. 866; *Gile v. Colby* (1896), 92 Wis. 619, 66 N. W. 802.

· In *Knowles v. Fritz* (1883), 58 Wis. 216, 16 N. W. 621, it was said that the defendant was entitled to have a judgment irregularly entered set aside without regard to the merits of the answer and without filing any affidavit of merits. In that case an answer had been served and judgment was taken as by default and so far as appears from the case without notice of application therefor. The controversy in the case was whether the verification of the complaint was sufficient to require verification of the answer. Plaintiff's attorney treated the unverified answer as a fugitive document and claimed that the defendant was in default and that plaintiff was entitled to enter judgment accordingly. It would appear from the facts in this case that prejudice was shown. The court evidently felt that while the judgment was irregularly entered it was an irregularity "of considerable importance," which it did not feel at liberty to disregard. So far as it is in conflict with the rule here laid down, if it is in conflict, it is overruled.

In this case the trial court correctly held that the failure to serve notice of entry of judgment was an irregularity; that the court had jurisdiction to enter the judgment which it did enter; that the appellants having failed to show any prejudice

are not entitled to have the judgment set aside or vacated and correctly denied the motion.

*By the Court.*—The orders appealed from are affirmed.