FIRST NAT. BANK OF DANVILLE *v.* CUNNINGHAM.

*(Circuit Court, D. Kentucky. December 12, 1891.)*

1. JUDGMENT ON CONFESSION—VALIDITY—FRAUD.
A warrant of attorney contained in a note to confess judgment thereon remains in force only so long as the note is unpaid; and where the payee, after receiving satisfaction thereof, fraudulently conceals the fact, and procures an attorney to appear and confess judgment without the maker's knowledge or consent, such appearance confers no jurisdiction on the court, and the judgment is void.

2. SAME—MOTION TO VACATE—COLLATERAL ATTACK.
Where a judgment has been fraudulently obtained in the absence of the defendant, the fact that he subsequently moves to vacate the same, and afterwards withdraws his motion by leave of court, does not constitute an appearance to the action such as will render the judgment valid, and he may still impeach it in a collateral suit.

3. JUDGMENT OF ANOTHER STATE—COLLATERAL ATTACK—CONSTITUTIONAL LAW.
The provision of the federal constitution that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state gives to a judgment rendered in another state only such credit as it is entitled to in that state; and, if it may there be collaterally attacked for want of jurisdiction in the court rendering it, it may be so attacked in any other state.

4. ACTION ON FOREIGN JUDGMENT—FRAUD.
In a suit brought upon a judgment rendered in another state upon the appearance and confession of an attorney under a warrant contained in the note sued on, the defendant may show that the judgment was fraudulent and void by reason of the fact that the warrant of attorney had expired by previous payment of the note

At Law. Action by the First National Bank of Danville, Ill., against J. A. Cunningham upon a judgment rendered against him by a state court of Illinois. Heard on demurrer to the answer. Overruled.

*A. C. Rucker* and *Gibson, Mashall & Lochre,* for plaintiff.

*Wm. Lindsay* and *Humphrey & Davie,* for defendant.

JACKSON, J. The plaintiff's motion to file the amended petition tendered is allowed; and the second paragraph of the defendant's answer

will be treated (as it was discussed) as applicable to both the original and amended petition in the consideration of plaintiff's demurrer thereto.

The attention of counsel is called to the fact that the demurrer, as filed, states that said second paragraph of the answer does not constitute a defense to the matters set up in the first paragraph of the petition. The demurrer was discussed as relating to the second paragraph of the petition. If the demurrer, as expressed on its face, is intended to question the sufficiency of the answer to the first count or paragraph of the petition, it is clearly not well taken. If intended to question the sufficiency of said paragraph of the answer to the second count of the petition, as assumed at the hearing of the demurrer, plaintiff may amend the same. The court will deal with the question on the assumption that this amendment will be made.

The second count of the petition sets out that on November 28, 1890, the plaintiff instituted an action against the defendant in the circuit court of the eleventh judicial district of the state of Illinois, in and for the county of McLean, in said state, to recover damages sustained by it by reason of the failure of defendant to pay certain sums of money alleged to be due it from defendant, on certain written obligations, viz., promissory notes executed by him to plaintiff; that said circuit court of McLean county, Ill., had jurisdiction of the subject-matter of said action, and the defendant, on the 28th of November, 1890, appeared to said action by his counsel thereunto authorized by defendant to so appear for him, and filed his *cognovit* therein, wherein he confessed that plaintiff had sustained the damages claimed by it by reason of the breach of his promises to plaintiff as claimed in said action, and thereupon, on said day, said court caused to be entered of record in said action a judgment in favor of plaintiff against the defendant for the sum of $36,301.20, the amount of damages so confessed, and costs expended, and that execution issue therefor. It is then alleged that said judgment is still of record in said court, is in full force, and wholly unsatisfied. A complete transcript of the record in said action, certified and attested as required by law, is filed as an exhibit to, and part of, the petition, which seeks to recover against defendant the amount of said judgment, with interest thereon. The amended petition states that after the rendition of the aforesaid judgment against him by said McLean circuit court of Illinois, at its November term, 1890, the defendant, Cunningham, on the 19th day of December, (being one of the days of the November term, 1890, of said court,) appeared in said court by counsel expressly chosen and authorized by him so to do, and moved said court to vacate and set aside the judgment rendered against him as aforesaid; that as a part of said motion he assigned, as reasons for setting aside and vacating said judgment, the alleged facts that at the time of the entry of said judgment, and long prior thereto, the notes upon which said judgment was rendered had been fully paid; and, second, that a large portion, to-wit, $25,000, of said notes had been paid, and said judgment was entered for too much; that at the same time, to support his said motion,

the defendant filed in said action his own affidavit, wherein he recited certain facts showing, or tending to show, that the notes sued on in said action, and on which judgment had been rendered, had been fully paid several years before said action was instituted; that said McLean circuit court, by the statutory laws of Illinois, had, at the time said motion was made by defendant, full control over said judgment, with power to vacate and set it aside, and it was its duty to set it aside on defendant's said motion, if the reasons assigned therefor had appeared to said court to be well founded, and supported by sufficient evidence; and, if said judgment had been set aside and vacated, the defendant would have had the lawful right to defend the said action the same as if no judgment had ever been entered therein; but that defendant, without insisting on his said motion, and without asking a hearing or decision of the same, again appeared in said court by his counsel, on the 25th day of March, 1891, and, after obtaining leave to do so, withdrew his said motion to vacate and set aside said judgment; and the said action which had remained pending on the docket of said court on account of defendant's said motion was thereupon stricken from the docket. A complete transcript of the proceedings had in said action, subsequent to the rendition of the said judgment, upon said motion to vacate, and the withdrawal thereof, is filed as a part of said amended petition.

It appears from the transcript of the record filed with and as a part of the original petition that plaintiff's action and judgment in the circuit court of McLean county, Ill., was based upon certain notes executed by defendant to plaintiff in 1882, 1883, and 1885, to each of which was attached a warrant of attorney to confess judgment thereon. The form of this warrant of attorney attached to four of the notes, maturing in 1886, was as follows:

"And to secure the payment of said amount, we, or either of us, hereby authorize, irrevocably, any attorney of any court of record to appear for us in such court in term-time or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and five per cent. of the principal amount as attorney's fees, and to waive and release all errors which may intervene in such proceeding, and consent to immediate execution upon such judgment."

To the other two notes, maturing in 1882 and 1884, the warrant of attorney was as follows:

"Now, therefore, in consideration of the premises, we do make, constitute, and appoint E. R. E. Kimbrough, or any attorney of any court of record, to be our true and lawful attorney, irrevocably, for us, and in our name, place, and stead to appear in any court of record, in term-time or vacation, or before any justice of the peace in any of the states or territories of the United States, at any time after said note becomes due, to waive the service of process, and confess judgment in favor of said First National Bank of Danville, Ill., its order or assignee, upon said note, for the above sum, and interest thereon to the day of the entry of said judgment, and also to file a *cognovit* for the amount thereof, with an agreement therein that no writ of error or appeal shall be prosecuted upon the judgment entered by virtue thereof," etc.

Said transcript shows that plaintiff's action was commenced and its declaration filed November 28, 1890; that its attorney, J. B. Mann, made affidavit to the signature of James A. Cunningham to the several notes sued on and powers of attorney thereto attached; that each of said several notes was unpaid; and that said Cunningham was still living. Following this affidavit, and said notes and powers of attorney, it is recited that defendant, by his attorney, came and filed in said cause his certain *cognovit*, November 28, 1890, which is in the words and figures following, to-wit:

"And now comes the said defendant, by E. R. E. Kimbrough, his attorney, and says that he cannot deny the said several allegations in said declaration, nor that said plaintiff has sustained damages by reason of the breach of the said several promises in said declaration mentioned to the amount of thirty-six thousand three hundred and one dollars and twenty cents, and therefore he confesses judgment in behalf of said defendant, and in favor of said plaintiff, for the said sum and costs of suit herein.

"E. R. E. KIMBROUGH, Atty."

Then follows the judgment entry in the cause, which recites—

"That plaintiff files its declaration, and thereupon comes E. R. E. Kimbrough, an attorney of this court, and by virtue of a warrant of attorney for that purpose executed, and the execution thereof by said defendant, James A. Cunningham, being duly proven by the affidavit of J. B. Mann, on file herein, waives the issuing and service of process in this cause, and confesses that said plaintiff has sustained damages, by reason of the non-performance of certain promises in its declaration, in the sum of $36,301.20, and consents that judgment may be rendered against said defendant therefor. It is therefore adjudged by the court that said plaintiff, the First National Bank of Danville, Ill., * * * recover of and from said James A. Cunningham, defendant, the sum of $36,301.20, the amount of damages so confessed, and also the costs in this behalf expended, and that execution issue therefor."

Executions for both damages and costs were issued the same day, and were returned by the sheriff, November 29, 1890, "No property found."

To the present suit upon said judgment thus obtained the defendant, by way of defense, sets up in the second paragraph of his answer the payment and discharge of each and all the notes on which said judgment was founded prior to the rendition thereof, under and by virtue of an agreement of accord and satisfaction made and entered into between himself and the plaintiff in 1886, and which was fully completed on his part, and accepted on the part of plaintiff. The facts set forth in the answer as constituting the accord and satisfaction of the notes on which plaintiff's judgment was based and rendered are, if true, clearly sufficient to establish said defense, and to show that plaintiff had no valid cause of action on said notes when it commenced action and obtained said confessed judgment thereon in the circuit court of McLean county, Ill. Said paragraph of the answer further alleges that said satisfaction and discharge of said notes was well known to the plaintiff and to its attorney when said action was commenced thereon in said Illinois court; that said plaintiff and its attorney, J. B. Mann, concealed from him the fact that any action was to be brought

on said discharged notes; that they concealed from the circuit court of McLean county, Ill., and from the attorney, E. R. E. Kimbrough, whom they procured and called in to represent defendant and confess judgment in his behalf, the fact that the notes sued on were settled and paid; that he (defendant) was a citizen and resident of Louisville, Ky., when said action was commenced, and had been for more than a year prior thereto, as plaintiff and its attorney well knew; that he was not served with summons or other process, and had no notice or knowledge of said action, and of the proceedings had and taken therein, until some time after said judgment had been rendered against him, and said court had finally adjourned; that the entry of his appearance to said action and confession of judgment in his name was unauthorized and fraudulent, and was procured by plaintiff and its said attorney, Mann, for the purpose of preventing him from interposing his defense to any suit instituted upon the said notes or either of them; that if said Kimbrough, who undertook to act as his attorney, did not know that said notes had been paid, the fact was fraudulently concealed from him by the plaintiff and its attorney, who represented to him that said notes were still due and unpaid. To the sufficiency of this answer as a defense to the suit on its said judgment the plaintiff has demurred, or, as the court understands, intends its demurrer to apply.

It is settled law, under the constitutional provision, that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of any other state, and the act of congress passed in pursuance thereof, that plaintiff's judgment should have the same credit, validity, and effect in any other court within the United States which it has in the state of Illinois, where it was rendered, and that whatever pleas would be good to a suit therein in that state, and none other, can be pleaded in defense to a suit thereon in any other court within the United States. *Hampton* v. *McConnel*, 3 Wheat. 234; *McElmoyle* v. *Cohen*, 13 Pet. 312–326; and *Embry* v. *Palmer*, 107 U. S. 10, 2 Sup. Ct. Rep. 25.

It is also well settled that, in an action brought in any court on a judgment of a court of another state, the jurisdiction of the court to render the judgment may be assailed or attacked collaterally by proof that the defendant was not served and did not appear in the suit; or, where an appearance was by an attorney, that the appearance was unauthorized; and this, even where the proof directly contradicts the record. In other words, all facts necessary to give the court rendering the judgment sued on jurisdiction, either as to the subject-matter or the person, may be contradicted. *Shelton* v. *Tiffin*, 6 How. 163; *Thompson* v. *Whitman*, 18 Wall. 457; *Knowles* v. *Gas-Light, etc., Co.*, 19 Wall. 58; *Starbuck* v. *Murray*, 5 Wend. 148; *Shumway* v. *Stillman*, 6 Wend. 447; *Kerr* v. *Kerr*, 41 N. Y. 272; *Ferguson* v. *Crawford*, 70 N. Y. 257; *Gilman* v. *Gilman*, 126 Mass. 26; and *Wright* v. *Andrews*, 130 Mass. 149.

Now, the defense presented by the answer is clearly something more than an attack upon the judgment sued on for error or irregularity in the proceeding after jurisdiction had attached, or for fraud in its procure-

ment.    The facts disclosed by the answer, and for the purposes of the demurrer admitted to be true, go far beyond that.    They impeach the judgment for want of jurisdiction of the court rendering it over the person of the defendant.    This is the legal effect and operation of the allegations of the answer that defendant was a resident and citizen of Kentucky when plaintiff's action was commenced and judgment taken against him; that he was not served with process, and had no notice or knowledge of the proceeding till after judgment was rendered; that the notes forming the cause of action and only ground of liability had previously been fully paid and discharged; that plaintiff and its attorney well knew this fact, etc.; and that the attorney whom they procured to represent the defendant, enter his appearance, and confess judgment, acted without authority, being induced to do so by the fraudulent concealment or misrepresentation of the facts on the part of plaintiff's agent or attorney. These facts, if true, establish not only a want of jurisdiction over the defendant, but a fraudulent attempt to acquire the same; for it admits of no question that the warrants of attorney attached to the several notes sued on in the Illinois court were only made to secure the payment of such notes; that they were "irrevocable" only while the notes remained unpaid; and that, upon the payment and discharge of said notes, the authority conferred by said warrants of attorney thereby ceased and terminated, both in fact and law, especially as against a holder of the notes who knew the fact that such notes were satisfied and discharged. No other construction can properly be placed upon said warrants of attorney, which, in dispensing with notice and all opportunity to be heard by the makers thereof, the courts treat with little favor,—interpret strictly, —and require to be followed to the letter of the powers conferred.    Thus in *Reid* v. *Southworth*, 71 Wis. 288, 36 N. W. Rep. 866, it was held that a warrant of attorney (substantially like the present) to confess judgment for the amount unpaid on a note authorizes confession of judgment only for the amount actually due on such note.    But, without dwelling upon this aspect of the case, it is perfectly clear that the answer presents a defense that would be good to a suit on the judgment, not only in Illinois, where it was rendered, but in Kentucky, where it is sued upon. *Williams* v. *Preston*, 3 J. J. Marsh. 608; *Lawrence* v. *Jarvis*, 32 Ill. 305; and *Rea* v. *Forrest*, 88 Ill. 276.    In this last case it was held by the supreme court of Illinois—

"That, where the payee of a note has been paid, if he afterwards takes judgment thereon, under a power of attorney attached thereto, without the knowledge or consent of the maker, it will be fraudulent and void, and that he cannot enforce its payment in a court by a suit on such judgment."

Section 66, c. 110, of the Illinois statute, which authorizes the confession of a judgment in such cases, is as follows:

"Any person, for a debt *bona fide* due, may confess judgment by himself or attorney, duly authorized, either in term-time or vacation, without process."

Tested by the foregoing principles and authorities, considered in connection with the cases of *Spence* v. *Emerine*, 46 Ohio St. 433, 21 N. E. Rep. 866, and *Sewing-Mach. Co.* v. *Radcliffe*, 137 U. S. 287–299, 11 Sup.

Ct. Rep. 92, which intimate a grave doubt whether a judgment obtained as plaintiff's was can have any validity in another state than that in which rendered, we entertain no doubt that the defendant's answer sets up a good defense to the judgment as presented in the original petition.

But it is earnestly insisted on the part of counsel for demurrant that, conceding this, still the facts presented by the amended petition cure all defects in the judgment, or want of jurisdiction in the court rendering it, because defendant's voluntary appearance on the 19th of December, 1890, and his motion to vacate the judgment on the ground that the notes on which said judgment was based had been previously paid, operated to waive all jurisdictional questions or other defects in the proceeding, and rendered the judgment valid. The claim is that the mere making of the motions to vacate the judgment brought the defendant in, as a general appearance to the action, and bound him, without any regard to subsequent proceedings on such motion; that the making of said motion was not only an appearance to the action, but operated to give validity to the previously rendered judgment, just as effectually as though defendant had been regularly served with process, and had personally come into court and confessed the judgment sued on. In support of this contention there is cited the case of *Burdette* v. *Corgan*, 26 Kan. 104, where it is said:

"In the first place, we remark that this appearance by motion, though called special, was in fact a general appearance, and by it this defendant appeared so far as she could appear. The motion challenged the judgment, not merely on jurisdictional, but also on non-jurisdictional, grounds; and whenever such a motion is made the appearance is general, no matter what the parties may call it in their motion. Such a general appearance to contest a judgment on account of irregularities will, if the grounds therefor are not sustained, conclude the parties as to any further questioning of the judgment. A party cannot come into court, challenge its proceedings on account of irregularities, and, after being overruled, be heard to say that he never was a party in court, or bound by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction; but he must challenge the proceedings on that single ground."

This ruling was substantially followed in *Association* v. *Lemke*, (Kan.) 19 Pac. Rep. 337. In both of these cases, as appears, the motion was acted upon and overruled by the court. In the present case there was no action of the court upon defendant's motion to vacate, but the same was, by leave of court, withdrawn by the defendant. This withdrawal by leave of the court was had on March 25, 1891, after plaintiff had commenced its action on said judgment in this court. The plaintiff does not appear to have been notified of said motion to vacate, and was in no way prejudiced or delayed in proceedings on its judgment by the making thereof. Execution had already been issued and returned on the judgment before the motion was made. While it was pending, the plaintiff, on December 27, 1890, brings suit on the judgment in this court; and thereafter the defendant, by leave of the Illinois court, withdraws his motion to vacate, and makes his defense here in the jurisdic-

tion of his domicile. His motion to vacate, taken in connection with his affidavit filed in support thereof and the record in the case, under the authority of *Rea* v. *Forrest*, 88 Ill. 276, was a valid objection to the validity of the judgment. In *Cunningham* v. *Goelet*, 4 Denio, 72, a party appeared by counsel to make objections to the sufficiency of the proceedings, and which objections were overruled. This action was claimed in subsequent proceedings to be a waiver of such objection, but the court, by BRONSON, C. J., said: "It would be strange, indeed, if that could be construed into a waiver of the very objection which he took." In the present case there was no adverse action on the defendant's motion to vacate, and by leave of court it was withdrawn. Is such motion and its withdrawal to have the same effect as if the court had retained and overruled it? Is the party making it concluded by the judgment, notwithstanding non-action thereon by the court, except in granting leave to withdraw the motion? Had the defendant, by leave of court, the right to withdraw it so as to reinstate himself in the position he was in with respect to the judgment, before making his motion to vacate? These questions are essentially different from those presented in *Burdette* v. *Corgan*, 26 Kan. 104, and are not controlled by that decision.

In *Forbes* v. *Hyde*, 31 Cal. 346, a motion was made and granted to withdraw an answer for one defendant. As to the effect of such withdrawal, the court says:

"Upon the discovery of the mistake, upon application and a proper showing promptly made to the court, and by order of the court, the mistake was corrected, and the answer, and consequently the appearance involved in the filing, was withdrawn. * * * The plaintiff was in no way injured."

In *Creighton* v. *Kerr*, 20 Wall. 8, it was held that a withdrawal of a general appearance by attorney for defendant, if granted upon the condition that it is to be without prejudice to the plaintiff, does not deprive the latter of rights founded upon the rule that a general appearance is a waiver of defect in the service of process. The intimation of the court in that case is very clear that, but for the condition imposed by the court in allowing the withdrawal, a different rule would have been applied.

In *Graham* v. *Spencer*, 14 Fed. Rep. 603–607, where the authorities on this question are cited and reviewed, LOWELL, C. J., says:

"I have cited two cases from Pennsylvania and one from California, and all other cases which I have seen are to the same effect, that the withdrawal of appearance, when there has been no plea to the merits, or if that, too, has been withdrawn, leaves the case as it was before the appearance was entered."

He further states, very properly, that the two cases of *Jones* v. *Andrews*, 10 Wall. 327, and *Harkness* v. *Hyde*, 98 U. S. 476, "taken together, will show that a mere appearance, without pleading to the merits, is not necessarily a submission." In *Harkness* v. *Hyde*, 98 U. S. 479, it is said that "it is only where he (the defendant) pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

In *Haldeman* v. *U. S.*, 91 U. S. 585, the court, in discussing the subject as to what will conclude a party, say:

"But there must be at least one decision on a right between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit; * * * but the idea of turning the mere withdrawal of a suit into an intentional abandonment of the claim or demand asserted thereby is an after-thought."

The making and the withdrawal by leave of the court of defendant's motion to vacate a void judgment is certainly no decision on the right involved in the controversy between plaintiff and defendant, as presented in this case. Nor is it such an appearance to the action as will estop the defendant from any other remedy or attack upon the validity of the judgment. In *Woods* v. *Dickinson*, 7 Mackey, 301, it was held that "the service of a notice and copy of a motion upon the plaintiff's counsel does not, where the motion was abandoned and never acted on, constitute such appearance as to waive the necessity of process."

But an authority more directly in point upon the question under consideration is found in the case of *Godfrey* v. *Valentine*, (Minn.) 40 N. W. Rep. 163, where it was held that an appearance in court after the rendition of a judgment which is void for want of jurisdiction is not effectual to render the judgment valid.

In *Dorr* v. *Gibboney*, 3 Hughes, (U. S.) 382, it was held that an appearance after a decree was rendered, entered for the purpose of moving to strike the case from the docket on the ground that the proceeding was invalid, was not such an appearance as would waive defects in the previous service, or validate a decree totally void.

Upon the foregoing authorities, and upon sound principles, it cannot be held that defendant was concluded by his motion to vacate the plaintiff's judgment, when such motion, before adverse action had thereon, was by leave of the court withdrawn; nor is the proposition a sound one that, having made that motion, he thereby elected a remedy of relief, which he could not afterwards abandon and seek relief elsewhere or in any other mode. Assuming that the judgment was void for want of jurisdiction over the defendant, three remedies were open to him: He could make application to the court rendering the judgment to set it aside; or he could invoke the aid of a court of equity to restrain its enforcement and to vacate it, (*Landrum* v. *Farmer*, 7 Bush, 46; *Caruthers* v. *Hartsfield*, 3 Yerg. 366; *Johnson* v. *Coleman*, 23 Wis. 452; *Connell* v. *Stelson*, 33 Iowa, 147;) or he could await suit thereon, and attack its invalidity collaterally. Until there was some adverse action against him on the question, he could not be estopped from taking each of the foregoing remedies. The abandonment of either or both of the first two modes of attack by leave of court, before adverse action on the question, would not estop or preclude him from adopting the third mode, by way of defensive attack, as has been pursued in this case. In the opinion of the court, the answer presents a valid defense to the petition both original and as amended; and the demurrer thereto is accordingly overruled, with costs thereof to be taxed against the plaintiff. Leave is granted defendant, if desired, to file an amended or supplemental answer to the amended petition.