## SMITHMAN v. GRAY.

1. JUDGMENTS—FOREIGN JUDGMENTS—JURISDICTION—IMPEACHMENT.
   In a suit upon a foreign judgment, that judgment may be impeached for lack of jurisdiction in the foreign court, irrespective of the recital of jurisdiction contained in the record of judgment.

2. SAME—WARRANT OF ATTORNEY TO CONFESS JUDGMENT.
   A warrant of attorney to confess judgment contained in a promissory note must be strictly construed.

3. SAME—ASSIGNMENTS.
   Under the later decisions of the Pennsylvania courts, a warrant of attorney to confess judgment couched in unlimited terms may be exercised in favor of the assignee.

4. BILLS AND NOTES—PLEADING—PAYMENT—ISSUES.
   In an action upon a foreign judgment upon a note, where defendant's plea set up that at the time said note was taken up and paid, instead of having it canceled the payee caused it to be assigned to plaintiff, and during the trial offered to prove same, the question of payment was in issue.

5. SAME—JUDGMENT—DEFENSES.
   In such action, the defense that the note was paid, and

instead of being canceled was fraudulently assigned, is available.

Error to Wayne; Gage, J., presiding. Submitted June 18, 1918. (Docket No. 18.) Decided September 28, 1918.

Assumpsit by John B. Smithman against Edward Gray on a foreign judgment. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Lucking, Helfman, Lucking & Hanlon,* for appellant.

*Robert M. Brownson (Frederick S. Baker,* of counsel), for appellee.

Plaintiff herein obtained a judgment against defendant in the sum of $9,346.54 upon a directed verdict. His action was based upon a Pennsylvania judgment for $8,390 dated July 3, 1915. The exemplification of record of said judgment shows that the same was procured in the Pennsylvania court upon the following note and warrant of attorney:

"$6,000.00. Due Dec. 21, Oil City, Pa. Oct. 22, 1909.
"Sixty days after date for value received I promise to pay to the order of the Riverside Engine Co. Six Thousand Dollars without defalcation, at the Citizens Banking Company of Oil City, Pennsylvania, and hereby empower any attorney of record to confess judgment against us for said sum, together with five per cent. attorney's fees for collection and all costs, waiving all exemption laws and stay of execution; and if levy be made on real estate, do waive the right of inquisition, and agree to the condemnation thereof, with authority to sell the same on *fi. fa.* with release of all errors. We further agree to any extension of this note without notice.
"60 Shares Stock.        EDWARD GRAY (Seal)
"Address,
      "Riverside Engine Co.                    (Seal)"

This paper bore the following indorsements:

"OIL CITY, PA., Oct. 22, 1909.
"For value received, Riverside Engine Co. assign this note to the Citizens' Banking Company, or order, and agree to pay the same if not paid at maturity by the maker hereby waiving exemption of property, the right of inquisition, demand, notice of nonpayment, protest, etc., and do hereby confess judgment for the amount of the within note, with interest, cost of suit and 5 per cent. for collection of same, and without stay of execution.

"RIVERSIDE ENGINE CO.,
"A. F. SMITHMAN, Treas."

"OIL CITY, PA., Jan. 21, 1910.
"For value received the within note is hereby assigned without recourse to Jno. B. Smithman.

"CITIZENS' BANKING COMPANY,
"FRED C. MCGILL, Cashier."

Under plea of general issue defendant gave notice of the following defenses:

"1. The defendant will show that the note and obligation upon which judgment mentioned in plaintiff's declaration was obtained, if signed by defendant, is a note payable to the Riverside Engine Company, executed by defendant and delivered to said payee for the accommodation of plaintiff and said payee and without payment of any consideration whatsoever to defendant therefor; that it was given by defendant and received by said payee upon the express understanding and condition that said Riverside Engine Company and plaintiff would protect defendant against the enforcement of any liability on the part of defendant to pay said note, and that whenever payment of same should be demanded by any holder thereof, it, the payee or said plaintiff, would take up, pay and cause said note and obligation to be canceled, of all of which facts and circumstances the plaintiff herein at and before his acquisition of said note had actual knowledge; that defendant was induced to sign same by the fraud of the plaintiff and said payee in representing to defendant that plaintiff and said payee then

had no intention of enforcing payment of said note against defendant, which said representations were false to the knowledge of plaintiff and said payee in that they then intended to enforce payment of said note by defendant; that at the time said note was taken up and paid instead of having said note canceled said payee and plaintiff caused the same to be assigned and transferred to plaintiff herein and thereafter said plaintiff, without notice to defendant, and with knowledge that said note was no longer the valid obligation of defendant, fraudulently caused the judgment in plaintiff's declaration mentioned to be procured; that more than six years elapsed after said note matured and before said judgment was obtained.

"2. Defendant will show that he was not served with process in the suit in which the judgment mentioned in plaintiff's declaration was obtained; that he did not appear in said suit in person or by attorney; that the alleged attorney who purported to appear for this defendant was not duly authorized so to appear; that at the time said suit was instituted and judgment recovered, he was not a resident of the State of Pennsylvania nor present within said State or within the jurisdiction of the court of common pleas of Crawford county; that said warrant of attorney in said note contained, if executed by defendant, is indefinite in terms and insufficient to authorize a confession of judgment against defendant, that the proceedings thereon in said court of common pleas did not comply with the law and statutes of Pennsylvania in that behalf provided, and that said court never acquired jurisdiction of the person of this defendant and that said purported judgment is void as against this defendant.

"3. Defendant will show that the alleged judgment, more particularly described in the declaration heretofore filed in the above entitled cause deprives this defendant of life, liberty and property without due process of law and therefore violates the terms of the Fourteenth Amendment to the United States Constitution."

Plaintiff offered in evidence the exemplification of judgment which was received over the following objections interposed on behalf of the defendant:

"1. That the power of attorney contained in the note is not negotiable.

"2. On the ground that the note itself is not negotiable under the Pennsylvania laws.

"3. On the ground that the power of attorney does not pass with the transfer of the note.

"4. On the ground that there is no proof that the plaintiff, in Pennsylvania, was a *bona fide* holder.

"5. On the ground that the warrant of attorney contained in the note sued upon is not a valid warrant of attorney in that it was too indefinite in its terms.

"6. That the warrant of attorney contained in the note is not a valid warrant of attorney in that it does not state in whose favor the judgment might be entered, and particularly is invalid in this case because it does not authorize the entry of the judgment in favor of the assignees of the note in question.

"7. That under the note and warrant of attorney there was no authority in the court of the State of Pennsylvania, and it did not have jurisdiction or right to enter up judgment in favor of the plaintiff in question because the warrant of attorney did not in terms run for the benefit of plaintiff.

"8. On the ground that the attorney acting in the case was not the attorney of the defendant.

"9. That it does not appear that the defendant was served or had notice of suit.

"10. On the ground that more than six years have elapsed since the maturity of the note.

"11. That judgment taken is void on its face, and is void as contrary to due process of law under the Constitution of the United States, and the making and obtaining of that judgment was not with due process as guaranteed to the defendant by the United States Constitution and the amendments thereto."

The defendant was placed upon the stand by plaintiff, and, being examined under the statute, testified that he was a resident of Pennsylvania at the time the paper in question was executed. On cross-examination by his own counsel he was permitted to testify that he had never been served with any process or

given any notice in the suit in connection with the note involved in the judgment. His testimony to the effect that he had never authorized any attorney to appear for him in any court in the State of Pennsylvania was excluded. Later in the course of the trial when plaintiff was on the stand and under examination by defendant's counsel and after certain evidence had been excluded by the court the following occurred:

"*Mr. Helfman:* Well, now let the record—will your honor let the record show that I offered to prove each and every one of the facts set forth in our special defenses, and I don't want to go counter to your ruling.

"*The Court:* Any objection to that course?

"*Mr. Brownson:* Of his offer?

"*The Court:* Yes.

"*Mr. Brownson:* No, I cannot control that. He has offered to prove it, and I would make the same objection to each one of his offers.

"*The Court:* All right.

"*Mr. Helfman:* What I want to know is, shall I go through every one of these facts and try to prove that?

"*The Court:* I think not. I think you have no right to prove them under the pleadings in the case.

"*Mr. Helfman:* That is, we cannot prove any of the facts?

"*The Court:* I think not. I think you are estopped by that.

"*Mr. Helfman:* Your honor, will it be understood then that we have an objection?

"*The Court:* Sure.

"*Mr. Helfman:* And exception to your honor's exclusion of every fact—the offer of proof of the facts set up in my plea.

"*The Court:* Yes, I think so, to the acts of the court in refusing to permit you what you offer to prove.

"*Mr. Helfman:* It will be considered as if I had offered it and it had been excluded.

"*The Court:* Yes, sir."

Defendant thereupon moved for a directed verdict

substantially upon the same grounds advanced for the exclusion of the exemplification of judgment, which motion was denied and a verdict was directed in favor of the plaintiff for the amount of the Pennsylvania judgment with interest.

Brooke, J. (*after stating the facts*). When a suit upon a foreign judgment is brought in the courts of this State that judgment may be impeached for lack of jurisdiction in the foreign court to render the same; irrespective of the recital of jurisdiction contained in the record of judgment. *Marshall* v. *R. M. Owen & Co.*, 171 Mich. 232; *Farrow* v. *Protective Ass'n*, 178 Mich. 639. It is asserted by the appellee that the appellant is precluded from interposing such affirmative defenses as are raised by his plea, citing *Mutual Fire Ins. Co.* v. *Furniture Co.*, 108 Mich. 170 (34 L. R. A. 694, 62 Am. St. Rep. 693) ; *Dunlap* v. *Byers*, 110 Mich. 109. There can be no doubt, however, that any defense which goes to the jurisdiction of the court pronouncing the foreign judgment may be urged collaterally.

In the case of the *First Nat. Bank of Danville* v. *Cunningham*, 48 Fed. 510, it is said:

"Assuming that the judgment was void for want of jurisdiction over the defendant, three remedies were open to him: He could make application to the court rendering the judgment to set it aside; or he could invoke the aid of a court of equity to restrain its enforcement and to vacate it (*Landrum* v. *Farmer*, 7 Bush. [Ky.] 46; *Caruthers* v. *Hartsfield*, 3 Yerg. [Tenn.] 366 [24 Am. Dec. 580] ; *Johnson* v. *Coleman*, 23 Wis. 452 [99 Am. Dec. 193] ; *Connell* v. *Stelson*, 33 Iowa, 147), or he could await suit thereon, and attack its invalidity collaterally. Until there was some adverse action against him on the question, he could not be estopped from taking each of the foregoing remedies. The abandonment of either or both of the first two modes of attack by leave of court, before

adverse action on the question, would not estop or preclude him from adopting the third mode, by way of defense attack, as has been pursued in this case."

It is settled law that a warrant of attorney to confess judgment contained in a promissory note must be strictly construed. *First Nat. Bank of Danville* v. *Cunningham, supra; National Exchange Bank* v. *Wiley,* 195 U. S. 257 (25 Sup. Ct. 70). So construed it is the contention of the appellant that the power of attorney here under consideration did not authorize confession of judgment in favor of a remote assignee of the note. In support of this proposition much reliance is placed upon the case of *Overton* v. *Tyler,* 3 Pa. St. 346 (45 Am. Dec. 645), where it is said:

"A warrant to confess judgment, not being a mercantile instrument, or a legitimate part of one, but a thing collateral, would not pass by indorsement or delivery to a subsequent holder; and a curious question would be, whether it would survive as an accessory separated from its principal, in the hands of the payee for the benefit of his transferee. I am unable to see how it could authorize him to enter up judgment, for the use of another, on a note with which he had parted."

We are of opinion that under the later decisions of the Pennsylvania courts the decision announced in *Overton* v. *Tyler, supra,* has been repudiated and that a warrant of attorney couched in unlimited terms may be exercised in favor of the assignee, where, as in the case at bar, the note is made payable *to the order of* the payee and was assigned by the payee to the Citizens' Banking Co., or order, and later assigned by the banking company to the plaintiff. See *Cooper* v. *Shaver,* 101 Pa. St. 547; *Vietor* v. *Johnson,* 148 Pa. St. 583 (24 Atl. 173) ; *Champlin* v. *Smith,* 164 Pa. St. 481 (30 Atl. 447) ; *Fritz* v. *Morten,* 243 Pa. St. 187 (90 Atl. 58).

Defendant by his plea set up:

"That at the time said note was taken up and paid instead of having said note canceled said payee and plaintiff caused the same to be assigned and transferred to plaintiff herein and thereafter said plaintiff, without notice to defendant, and with knowledge that said note was no longer the valid obligation of defendant, fraudulently caused the judgment in plaintiff's declaration mentioned to be procured; that more than six years elapsed after said note matured and before said judgment was obtained."

—and in the course of the trial offered,

"to prove each and every one of the facts set forth in our special defenses."

Fairly construed, we think the plea and this offer put in issue the question of payment. Assuming then that the note in question was paid and as charged in the plea instead of being canceled and destroyed was fraudulently assigned to the present holder thereof, can that defense be urged in the present suit upon the judgment. In the case of *First Nat. Bank of Danville* v. *Cunningham, supra*, the action was in Kentucky on an Illinois judgment. The defense was that the note itself had been paid and its payment was fraudulently concealed from the Illinois court. The court said:

"It admits of no question that the warrants of attorney attached to the several notes sued on in the Illinois court were only made to secure the payment of such notes; that they were 'irrevocable' only while the notes remained unpaid; and that, upon the payment and discharge of said notes, the authority conferred by said warrants of attorney thereby ceased and terminated, both in fact and law, especially as against a holder of the notes who knew the fact that such notes were satisfied and discharged. No other construction can properly be placed upon said warrants of attorney, which, in dispensing with notice and all opportunity to be heard by the makers thereof, the courts treat with little favor—interpret strictly—and require to be followed to the letter of the powers conferred."

See, also, *National Exchange Bank* v. *Wiley, supra,* at page 268.

It appears from the affidavit of the defendant filed in support of a motion for a new trial that in 1911 the Riverside Engine Co., the payee of the note in question, was consolidated with another business owned by one A. A. Holbeck under the name of the Holbeck-Riverside Gas Power Company and it is asserted that the new company took over all the assets and assumed all the liabilities of the Riverside Engine Co. It is further asserted in said affidavit that plaintiff told defendant that all the obligations of the Riverside Engine Company on which defendant was liable had been fully paid and that there were no outstanding claims of any kind against defendant. Under the authorities cited we are of opinion that the court should have permitted defendant, if able, to show payment of the note and if such payment was shown beyond question to have directed a verdict in favor of the defendant.

Judgment is reversed and a new trial ordered.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.